```
                                          IT IS HEREBY ADJUDGED
                                          and DECREED this is SO
                                          ORDERED.
```

**TIFFANY & BOSCO**
P.A.

Dated: October 21, 2009



**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-21206/0200778512

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-19450-ssc |
| Benjamin W.F. Gordon and Sheryl L. Gordon<br>      Debtors. | Chapter 13 |
| Wells Fargo Bank, N.A.<br>      Movant,<br>  vs. | ORDER |
| Benjamin W.F. Gordon and Sheryl L. Gordon, Debtors, Russell A. Brown, Trustee.<br><br>      Respondents. | (Related to Docket #24) |

      Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

      IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated March 1, 2006 and recorded in the office of the Pinal County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Benjamin W.F. Gordon and Sheryl L. Gordon have an interest in, further described as:

> Lot 86, of Wildwood, according to the plat of record in the office of the County Recorder of Pinal County, Arizona recorded in Cabinet D, slide 66.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.

DATED this ____ day of _____, 2009.

_____
JUDGE OF THE U.S. BANKRUPTCY COURT